IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOSEPH B. MONROE | § | |
|     TDCJ-CID #887232 | § | |
| v. | § | C.A. NO. V-10-070 |
| | § | |
| RICK THALER, ET AL. | § | |

**OPINION AND ORDER DISMISSING CERTAIN CLAIMS AND RETAINING ACTION**

    This civil rights action was filed by a state prisoner pursuant to 42 U.S.C. § 1983.

    Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) (citations omitted). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

    Applying these standards, plaintiff's Eighth Amendment claims alleging deliberate indifference to his serious medical needs are retained, and service shall be ordered on the defendants as discussed herein. Plaintiff's retaliation claim is dismissed for failure to state a claim.

**I. JURISDICTION**

    The Court has federal question jurisdiction over this civil rights action pursuant to 28

U.S.C. § 1331.  Upon consent of the plaintiff, (D.E. 5), this case was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment.  (D.E. 8); see also 28 U.S.C. § 636(c).

## II.  FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and he is currently incarcerated at the Powledge Unit in Palestine, Texas, although his complaint concerns events that occurred while he was confined at the Stevenson Unit in Cuero, Texas.  He filed his original complaint on September 2, 2010, and named the following individuals as defendants Warden Diana K. Clay, Major Evelyn Castro, and Sergeant Esmerejildo Moreno.[1]  (D.E. 1).

A Spears[2] hearing was held on August 23, 2011.  The following allegations were made in plaintiff's original complaint or at the hearing:

While at the McConnell Unit, plaintiff was diagnosed with angioderma, a skin condition that makes him less tolerant to heat and sun.  In addition, he is pale-skinned, red-headed, and with thinning hair, placing him at a higher risk for skin cancer.  Plaintiff also has had heart surgery, and he currently takes medication for his heart.

In 2003, plaintiff was transferred to the Stevenson Unit where many of the common areas are outside and exposed to direct sunlight.  So if an inmate is in line at the pill window, for commissary, or for count, he is exposed to the weather.  On April 30, 2008, Major Givens issued

---

[1] Although the docket also lists Rick Thaler as a defendant, plaintiff testified that he is not suing Rick Thaler.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

plaintiff a property pass allowing him to have a cap and to wear it outside. Even with a hat pass, however, if a correctional officer orders an offender to remove his hat, he must do so.

Subsequently, plaintiff reported to the infirmary complaining of a "bubble" or blister on his head. On December 15, 2009, he was issued a second pass indicating that he had a sun sensitivity and that he should not be exposed to the sun while working, or otherwise, stating explicitly "no sun at all."

On April 6, 2010, Warden Clay and Major Castro ordered a shakedown of plaintiff's building. At approximately 9:00 a.m., he was ordered out into the recreation yard and to sit, back-to-back, with his cell-mate, on a concrete slab in the middle of the yard in direct sunlight. Shortly after he sat down, Officer Mitsy Kienn asked plaintiff if he was alright. Because he had just arrived, he responded he was fine. However, after about thirty minutes, plaintiff rose to go sit under an awning. Sergeant Moreno ordered him to get back with the other inmates on the concrete slab. Plaintiff showed Sergeant Moreno both of his passes and tried to explain that he should not be exposed to the sun, but Sergeant Moreno told him that he "was just doing his job," and plaintiff was forced to return to the spot in the sun. While he and the other inmates sat in the sun, no water was provided and they were not allowed to use the restroom. Warden Clay and Major Castro walked among the prisoners to maintain order, but refused to talk to plaintiff. He was not returned to his cell until sometime after 3:00 p.m.

Once he was back inside, plaintiff noticed he was sun-burned and had blisters on his head, neck, and arms. He also had a headache and felt nauseated. He was sent to the infirmary where he was seen by a nurse who treated him with a spray-on medication.

That evening, plaintiff and the other prisoners in his building requested grievances to file

complaints. In response, Warden Clay and Major Castro ordered his building on lockdown. As a result, plaintiff and the other inmates were denied the privileges provided to the rest of the unit, such as access to the dayroom, television, and recreation, for that evening.

On April 7, 2010, plaintiff returned to the infirmary where he was sprayed with the medication again. On April 8, 2010, he went to the infirmary, but was told that he could not be sprayed with the medication anymore because he was only supposed to receive it once for medical reasons. Instead, he was issued ice to apply to his burned skin. After it melted, he attempted to obtain more, but was told by correctional officers that he could not get anymore because the infirmary was closed.

Dr. Burns recommended that plaintiff be transferred off the Stevenson Unit due to the heat, and to an air-conditioned unit. Shortly after filing this lawsuit, he was sent to the Powledge Unit, which it is also not air-conditioned.

Plaintiff suffered burns, blisters, pain on the day of the incident, and since that time, he has had headaches, pain from the burns and blisters, nausea, and lack of sleep. Through this action, he wants to be assigned to an air-conditioned unit, and compensation for the injuries he suffered.

### III. DISCUSSION

**A.     The Legal Standard For Screening Inmate Civil Rights Actions.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.     Analysis Of Plaintiff's Claims.**

   **1.     Plaintiff's claims against the individual defendants in their official capacity are dismissed.**

Plaintiff did not state in what capacity he is suing the named defendants, so it is assumed that he is suing the defendants in both their individual and official capacities.

The Eleventh Amendment bars claims against a state filed pursuant to § 1983. Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs., 925 F.2d 866, 875 n.9 (5th Cir. 1991)). "Section 1983 does not waive the state's sovereign immunity." Id. (citing Quern v. Jordan, 440 U.S. 332, 338 n.7 (1979)). "Texas has not consented to this suit." Id. (citing Emory v. Texas State Bd. of Med. Exam'rs, 748 F.2d 1023, 1025 (5th Cir. 1984)). A suit against a state official in his or her official capacity is a suit against the official's office, and consequently, "it is no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted).

To the extent plaintiff is suing a defendant in his official capacity, that claim is effectively, one against the State of Texas, and as such, is barred by the Eleventh Amendment.

Accordingly, any claim plaintiff has against a defendant in his or her official capacity is dismissed with prejudice as barred.

### 2. Plaintiff's Eighth Amendment claims are retained.

Plaintiff claims that he was subjected to cruel and unusual punishment by being forced to sit in the sun in light of his sun sensitivity and medical restrictions. He claims that, prior to the incident, both Warden Clay and Major Castro were aware of his sun sensitivity, and that Sergeant Moreno was made aware of his medical restrictions on April 6, 2010, because he showed him both passes.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations omitted). Conditions that result in "unquestioned and serious deprivation of basic human needs," or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-10 (1992) (citations omitted). Such a violation occurs when a prison official is deliberately indifferent to an inmate's health or safety. Farmer, 511 U.S. at 834 (citations omitted).

For purposes of § 1915A, plaintiff has stated sufficient facts to state a claim of deliberate indifference against the three named defendants. He alleges that defendants were each aware of his medical restrictions that he not be exposed to direct sunlight, but they forced him to remain in the sun for almost six hours, and would not allow him to sit under an awning or get his cap, or

take any other measures to reduce the sun exposure. He testified that, as a result of being unable to get out of the sunlight, he suffered blisters on his head, neck, and arms as well as being nauseated, and having headaches. He needed medical attention for the next three days. Plaintiff's deliberate indifference claims against these defendants shall be retained.

### 3. Plaintiff's retaliation claims are dismissed.

In his original complaint, plaintiff alleged that, in response to the prisoners verbalizing their complaints about having to sit in the sun, Warden Clay and Major Castro retaliated against him and other inmates in his building by placing them on lockdown for the night such that they could not participate in recreational activities that evening.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Mere conclusionary allegations of retaliation will not withstand a summary judgment challenge." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (citation omitted). The Fifth Circuit has further explained that an "inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may be plausibly inferred.'" Id. (citation omitted).

The Fifth Circuit has explained that "[t]he purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their

constitutional rights." Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006) (citing Crawford-El v. Britton, 523 U.S. 574, 588 n.10 (1998)). However, some acts, even though they may be "motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights." Id. "Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." Id. For example, a job transfer from the commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act. Id. at 687.

Plaintiff's allegations establish that, because he complained about the events of the day, he was then denied privileges that evening. However, this single event of denying privileges for one evening, even done with retaliatory intent, is *de minimis* and fails to state a constitutional violation. Thus, plaintiff's retaliation claim will be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons stated herein, plaintiff's claims against defendants in there official capacities are dismissed as barred by the Eleventh Amendment. Plaintiff's Eighth Amendment claims alleging deliberate indifference to his serious medical needs are retained against Warden Clay, Major Castro, and Sergeant Moreno, and service shall be ordered on these defendants in their individual capacities. Plaintiff's retaliation claim is dismissed for failure to state a claim. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

ORDERED this 25th day of August 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE